Hiatt's Heirs *vs* Calloway's Heirs.

*Case* 46.                 APPEAL FROM THE GARRARD CIRCUIT.

                    *Jurisdiction.   Mistakes.*

: *October* 21.      CHIEF JUSTICE EWING delivered the opinion of the Court.

Case stated.        A judgment in ejectment was recovered for 100 acres
of land, by the heirs of Peter and Susannah Calloway,
claiming title under their mother, against Hiatt's heirs,
upon the ground that their mother, who had owned the
same, had not, by any valid conveyance upon privy ex-
amination, duly certified and recorded, parted with her
title in her lifetime. The heirs of Hiatt filed their bill
in chancery, enjoining the judgment, praying a confirma-
tion and surrender of the title, and that they may be qui-
eted in their possession, upon allegations that a deed of
conveyance had been duly and properly executed by the
joint conveyance of the father and mother of the heirs of
Calloway, upon the privy examination of their mother,
by two Justices of the Peace of Missouri, acting under
a commission properly issued, from the County Court of
Garrard, where the land lies, and the same, together with
the certificates and dedimus, was transmitted to, and re-
corded in the proper county, except that the Clerk, in
recording the certificate of privy examination of the wife,
had made a *mistake* and recorded it as of the 5th day of
October, 1823, instead of the 5th day of October, 1822,
its true date, and the date of the acknowledgment of the
husband, made before the same Justices, and duly certi-
fied by them. And if they cannot obtain a correction of
the mistake, they pray a confirmation of their title under
the 11th section of the act of 1831, (1 *Stat. Laws*, 453,)
and conclude by a general prayer for relief.

The construction of the 11th sec. of the statute of 1831, as applica-ble to this case.        The complainants are not entitled to relief under the
section of the statute relied on, as has been just decided
by this Court in the case of *Pearce's heirs* vs *Patton et al.*
It appearing that their mother was covert at the passage

of the statute, and continued so until 1834, when their father died, the section does not apply to the case.

But it appears that Peter Calloway, in 1818, sold and conveyed the land in question, which belonged to his wife, to John Hiatt, the ancestor of the complainants, for eight hundred dollars, which was paid to him. That in 1821 a *dedimus potestatem* was properly issued, directed to two named Justices of the Peace of Madison county Missouri, requiring them to take the privy examination of the wife, to a deed of conveyance stated to be attached to the commission, from Peter Calloway and Susannah, his wife, for the hundred acres of land in question, to the heirs of John Hiatt, deceased, naming them in the commission. That said commission was presented to the two Justices named, and on the 5th day of October, 1822, they certify the signing and acknowledgment of the husband endorsed on the deed, filled up as of the same date, over their signatures and seals as Justices, and certify in like manner, the signing, privy examination and acknowledgment of the wife, in due form, endorsed on the commission, which they certify as attached to the deed acknowledged, and the deed attached to the commission, with the certificates endorsed, was sent to the Clerk's office of the proper county, and recorded in due time, to-wit, on the 25th of October, 1822, together with the certificates of the Justices and commission, but the certificate of the Justices of the wife's privy examination and acknowledgment, is, through the obvious mistake of the Clerk, recorded as of the 5th of October, 1823, instead of the 5th of October, 1822, which postpones the date of privy examination and acknowledgment to a time beyond that within which the deed, under the statutes as heretofore construed by this Court, should have been spread on the record.

The certificate recorded is in every respect, *verbatem* with the certificate endorsed, except as to the date so; are the certificate of the acknowledgment of the husband, the commission attached, and deed recorded *verbatem*, the same as the originals, which were produced to the Chancellor below, and is also produced to this Court. And it is perfectly obvious from an inspection of the originals.

HIATT's HEIRS
vs
CALLOWAY'sH's.

The mistake of a clerk in his certificate of the time of recording a deed of conveyance clearly appearing by record evidence, may be corrected by the Chancellor.

HIATT'S HEIRS
vs
GALLOWAY'SH'S:
and a comparison of the same with those on record, that the true date of the privy examination and acknowledgment of the wife, was the 5th of October, 1822, the same date of the deed and the same date of the acknowledgment of the husband, and that the whole difficulty and embarrassment of the complainants' title has been produced alone by the error and mistake of the Clerk. The question arises, cannot a Court of equity take cognizance of the case to correct the mistake, or relieve the complainants from its consequences? We think it can. The parties have done all that was necessary on their part, to pass a perfect fee simple title to the grantees, and have deposited all the papers necessary to be recorded, in due and proper time, in the proper office for record, with the officer provided by law, for spreading the same on the record. He has recorded the same, but by inadvertency and mistake, and without fault on the part of the grantees or grantors, he has attached a *wrong date* to one of the certificates, by which the title of the complainants has been so embarrassed, that a judgment at law in ejectment, has been recovered against them. The interference of the Chancellor is obvious on two grounds:

1st. It is peculiarly the province of the Court to correct *The Chancellor mistakes*, and one of the principal grounds of its jurisdiction.

The Chancellor may relieve against mistakes.

2d. The complainants are in possession, and have a right to resort to a Court of Equity to quiet their title, and secure them in the peaceable enjoyment of their purchase.

The Chancellor has jurisdiction, on bill filed by one in possession, to quiet the title to lands so possessed.

If it were conceded, which we are not prepared to do, that to pass effectually the fee of the wife, the deed, with the certificates and commission, should not only be deposited for record in due time, but should also be recorded, yet as in this case, all were duly recorded, which the statute requires, *verbatem et literatem*, with the originals, except as to the single mistake alluded to, we cannot concede that the *error* of the *clerk* shall have the vitiating effect of forfeiting the title of the complainants, so that relief cannot be afforded against its consequences, by the powers of a Court of Chancery. To allow the heirs to take advantage of this clerical mistake, would be a species of *bad faith*, which a court of conscience would

Where a deed of conveyance was regularly acknowledged in due time by *bar-on* and *feme*, and deposited for record,—but the Clerk in his certificate of the time of recording, committed an error, such mistake was corrected by the Chancellor, on bill filed by the grantee in the deed, not by changing the re-

never tolerate, and the more especially, as the mistake is such as might even in a judicial record, after the term, be corrected as a clerical error.   It is true, the Chancellor cannot go into the County Court Clerk's Office, and alter or change the record so as to make the deed and certifi-cates stand on the record as they should have been origin-ally recorded; but he can act on the parties as he is ac-customed to act on the parties to a common law judg-ment, by injunction and attachment, to compel them to do what is conscientious and right.

The two Justices who are to take the privy examina-tion of the wife, may also take the acknowledgment of the husband, and their certificates and seals are sufficient to authorize the admission of the deed to record, without any other or further authentication.

We are also satisfied that the commission was sufficient-ly descriptive of the conveyance, to which the acknowl-edgment and privy examination was to be taken.   Though it described a deed as having *been executed* by the hus-band and wife, the deed is attached to the commission, and is otherwise identified as the deed intended, and though drawn out in form, was no doubt filled up as to the date, and was in fact, as certified, signed and sealed by the husband and wife, on the day of its date.   The description of the deed as an executed deed, cannot viti-ate the commission, or mislead the Justices or parties as to the deed intended, and the more especially as the deed could not have been *executed* by the wife in any other manner than by privy examination, to obtain which was the object of the commission.

Upon the whole, we are satisfied that the complainants are entitled to relief.   The decree of the Chancellor is therefore reversed, and cause remanded, that their injunc-tion against the judgment at law may be perpetuated, and that as the means of effectually securing the title to them, and quieting them in the possession against all casualties which might by any possibility accrue, by the loss or destruction of the original deed and certificates, that the defendants, the heirs of Susannah Calloway, their mother, may be decreed to convey, release and con-firm, all claim to the land to the complainants, and pay

HYATT'S HEIRS
*vs*
CALLOWAY'S H'S.

cord, but by ope-rating upon the person of the grantor and com-pelling a release of title.

the costs of the proceedings. And the appellants are entitled to their costs in this Court.

*McKee and Dunlap* for appellants; *Turner and Bradley* for appellees.

---

MOTION.

*Case* 47.

October 20.

Case stated.